UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA



Charles L. Nail, Jr.
Bankruptcy Judge

---

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

June 11, 2009

Patrick T. Dougherty, Esq.
Dougherty & Dougherty, LLP
Counsel for Debtors-Plaintiffs
Post Office Box 2376
Sioux Falls, South Dakota  57101-2376

Roger W. Damgaard, Esq., and Sander J. Morehead, Esq.
Woods, Fuller, Shultz & Smith P.C.
Counsel for Defendant
Post Office Box 5027
Sioux Falls, South Dakota  57117-5027

   Subject: *Brad Allen Stabler and Brenda Lee Stabler v. John R. Beyers (In re Stabler)*, Adv. No. 09-1002; Bankr. No. 03-10179

Dear Counsel:

  The matter before the Court is Debtors-Plaintiffs Brad Allen Stabler and Brenda Lee Stabler's Motion to Vacate, Alter or Amend Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment (DOC. 34) (adv. doc. 35).  The motion is a core proceeding under 28 U.S.C. § 157(b)(2) and will be granted to the extent set forth below.

  *Summary*.  On May 13, 2003, Brad Allen Stabler and Brenda Lee Stabler ("Debtors") filed a chapter 7 petition in bankruptcy (bankr. doc. 1).  Some lots in Roscoe, South Dakota were the only real property scheduled (bankr. doc. 7).  Their secured creditors included First State Bank of Roscoe ("Bank") with a partially secured claim of $225,816.36 (bankr. doc. 7).  The scheduled collateral for this debt included livestock, farm equipment, and other farm-related personalty (bankr. doc. 7).  Debtors stated they intended to reaffirm the debt with Bank (bankr. doc. 10).  Stan Stabler and Rose Stabler were scheduled as nonbankruptcy co-debtors on the debt with Bank (bankr. doc. 7).  It appears Bank may have also held an additional claim against Brad Stabler on a debt he had personally guaranteed for Edmunds County Ag Service, Inc., a corporation in which he, and perhaps others, held a pre-petition interest.

  On June 16, 2003, the case trustee reported there were no assets to administer.  Debtors and Bank did not file a reaffirmation agreement under 11 U.S.C. § 524(d) before an order discharging Debtors' debts was entered on August 12, 2003 (bankr. doc. 16).  The case was closed on August 12, 2003.

  Though the record in this adversary proceeding has yet to be fully developed, it appears Debtors, Stan and Rose Stabler, and Edmunds County Ag Service, Inc. incurred a new secured debt with Bank and Ipswich State Bank after Debtors' bankruptcy case was closed.  For reasons that so far remain unknown, John R. Beyers

*Stabler v. Beyers*
June 11, 2009
Page 2

("Beyers") personally guaranteed the debt to Ipswich State Bank, and Ipswich State Bank later assigned the debt to him.

In the spring of 2007, Debtors and Stan and Rose Stabler (collectively, "the Stablers") commenced a state court action against Beyers and the two banks, *Stabler v. First State Bank of Roscoe, et al.*, Civ. 07-11, McPherson County, South Dakota. The four Stablers argued, *inter alia*, some of the debt at issue had been discharged in Debtors' bankruptcy and the defendants had defrauded them into believing Debtors still owed some of the debt that had been discharged. Beyers counterclaimed on the underlying notes and sought foreclosure. In their October 14, 2008 reply to Beyers' counterclaim, the Stablers argued the debt in Counts 1 through 4 of Beyers' counterclaim had been discharged in bankruptcy and by attempting to collect that debt, Beyers was violating the discharge injunction. On January 13, 2009, Beyers filed a motion for summary judgment on the first two counts of his counterclaim. Debtors resisted and, according to Beyers, argued in their resistance the post-petition debt owed to Ipswich State Bank was an invalid effort to reaffirm a discharged debt.

On January 27, 2009, Debtors commenced the instant adversary proceeding against Beyers (adv. doc. 1). Debtors alleged Beyers violated the post-discharge injunction when he counterclaimed against Debtors and Stan and Rose Stabler in the state court action. Debtors asked the Court to determine the debt Beyers is seeking to recover from them in his state court counterclaim was discharged, to hold Beyers in civil contempt for violating the discharge order, to enjoin him from pursuing Debtors on any discharged debt, and to award them actual but unknown damages, including attorney fees and other costs. Debtors' complaint did not clearly set forth the nature or status of the state court action or state unambiguously Debtors and Stan and Rose Stabler had initiated the state court action.

On February 20, 2009, Beyers answered Debtors' adversary complaint (adv. doc. 7). In his answer, Beyers stated his state court counterclaim clearly did not seek to recover any personal debt found to have been discharged in bankruptcy. Beyers further stated none of the debt owed by Edmunds County Ag Service, Inc., a corporation in which Debtors held a pre-petition interest, was discharged in Debtors' individual bankruptcy. Beyers argued Debtors' adversary proceeding was a needless and vexatious action filed on the eve of a hearing on his motion for summary judgment in the state court action and "a transparent effort to cause the state court to believe it could not rule on the motions before it, despite its clear jurisdiction to do so." He requested costs under 28 U.S.C. § 1927. Like Debtors' complaint, Beyers' answer failed to clarify the nature and status of the pending state court action.

An initial pre-trial conference was held March 12, 2009. The Court requested and received a brief oral summary of the state court action from Debtors' state court counsel (to assure itself the state court action did not constitute an undisclosed pre-petition cause of action that would remain property of the bankruptcy estate). Nothing in that oral summary suggested either Debtors or Beyers had any concern the on-going state court action and the instant adversary proceeding might be duplicative. The Court then set a discovery deadline of June 10, 2009 and a dispositive motion deadline of June 24, 2009, and scheduled a second pre-trial conference for July 1,

*Stabler v. Beyers*
June 11, 2009
Page 3

2009, which it indicated would not be held if dispositive motions were timely filed (adv. doc. 9).

On April 29, 2009, Debtors moved for summary judgment on all issues raised by their complaint in the adversary proceeding (adv. doc. 11). The Court set deadlines for responses and briefs, with Debtors' reply and brief due July 2, 2009, and indicated the matter would then be taken under advisement (adv. doc. 15).

On May 12, 2009, the state court granted Beyers' motion for summary judgment regarding counts 1 and 2 of his counterclaim. In its decision, the state court implicitly, if not explicitly, rejected Debtors' argument the debt Beyers sought to recover in those counts had been discharged in bankruptcy.

On May 15, 2009, Debtors filed an Application for Temporary Restraining Order or Preliminary Injunction (adv. doc. 17) and an affidavit of counsel (adv. doc. 18). They reported the state court had issued a letter decision on May 12, 2009, granting Beyers summary judgment on count 1 of his counterclaim, and asked the Court to enjoin Beyers from submitting an order on that counterclaim in compliance with the state court's directive. That same day, the Court entered an order setting a May 21, 2009 deadline for Beyers to file a response to the application for a preliminary injunction (adv. doc. 19). On May 21, 2009, Beyers filed an objection (adv. doc. 21), a Motion to Dismiss Adversary Proceeding (adv. doc. 22), an affidavit (adv. doc. 23), and a brief (adv. doc. 24). Beyers argued, *inter alia*, the Court did not have subject matter jurisdiction over the issues already decided by the state court on Beyers' motion for summary judgment. Following some discussion between the parties, Beyers informally agreed not to submit the order the state court had requested until Debtors' application for a preliminary injunction could be heard. On May 22, 2009, the Court entered orders setting deadlines and scheduling hearings on July 1, 2009 with respect to both Debtors' application for a preliminary injunction and Beyers' motion to dismiss (adv. docs. 27 and 29).

Counsel for both parties contacted the undersigned's law clerk to ascertain whether the deadlines and July 1, 2009 hearings had any impact on the pending deadlines regarding Debtors' Motion for Summary Judgment. By e-mail dated May 26, 2009, she advised them:

> The summary judgment motion deadlines are still "active." If Debtors-Plaintiffs or Defendant want the summary judgment motion put on hold while Defendant's motion to dismiss is resolved, they will need to file a motion (serve opposing party and counsel; no notice), and we'll see what Judge Nail says.

Debtors' counsel advised her they would resist any effort by Beyers to have the summary judgment deadlines changed. By a second e-mail dated May 26, 2009, she responded: "If Defendant asks for a change to the summary judgment scheduling order, Debtors-Plaintiffs may file a response setting forth their thoughts on the matter."

*Stabler v. Beyers*
June 11, 2009
Page 4

On June 1, 2009, Beyers filed two motions. In his Motion to Stay Proceedings Related to Plaintiffs' Motion for Summary Judgment (adv. doc. 31), he requested, under Fed.R.Bankr.P. 5001(c) and the Court's "inherent authority," proceedings related to Debtors' motion for summary judgment be stayed until the "subject-matter-jurisdiction and abstention-related issues raised in [his] Motion to Dismiss Adversary Proceeding" were resolved. In a companion Motion for Enlargement of Time to Respond to Plaintiffs' Motion for Summary Judgment (adv. doc. 32), Beyers asked if his motion to stay proceedings were denied, he be given 22 days after the denial to file a response to Debtors' motion for summary judgment, since that response was then due June 19, 2009.

On June 2, 2009, the Court entered an order staying the summary judgment proceeding (adv. doc. 34). The Court's order provided the summary judgment response deadlines and briefing schedule would be reset by separate order, if necessary, following resolution of Beyers' motion to dismiss.

On June 3, 2009, Debtors filed, under Fed.R.Bankr.P. 9023(e), a Motion to Vacate, Alter or Amend Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment (adv. doc. 35). They argued Beyers had not shown cause under Fed.R.Bankr.P. 9006(b)(1) for enlargement of the motion for summary judgment response and briefing deadlines and Fed.R.Bankr.P. 5001(c) was inapplicable. Debtors complained they had relied on the law clerk's representation they could respond to any motion by Beyers to extend the motion for summary judgment response and briefing deadlines. They argued Local Bankr. R. 7007-1(d) required the Court to set a response deadline because Beyers' motions were not "*ex parte*" and "[t]he Court should not have . . . treated [Beyer's] motion as *ex parte* without providing [them] the procedural safeguards set forth in [Fed.R.Bankr.P. 7065 and Fed.R.Civ.P. 65(b)]." They further argued the Court had failed to comply with Fed.R.Civ.P. 65(c) and (d) and took issue with the cases cited by Beyers in his brief in support of his two motions regarding the summary judgment deadlines. Finally, they addressed some of the jurisdictional issues raised by Beyers in his motion to dismiss.

On June 4, 2009, Beyers responded to Debtors' motion to vacate (adv. doc. 36). He argued Fed.R.Civ.P. 65(e) and Fed.R.Bankr.P. 7065 did not apply to his motion to stay proceedings, and he admitted he had erroneously cited Fed.R.Bankr.P. 5001(c) rather than 5011(c) in his motion to vacate. Beyers also admitted he had not filed an *ex parte* motion, but argued Local Bankr. R. 7007-1(d) did not apply because the Court had "inherent authority to control matters on its docket."

*Discussion*. If the Court were clairvoyant and could thus discern the parties' motivations for filing their myriad pleadings and motions in both the state court and this Court, and for deciding in which court and when to file them, it could presumably find some logic to the proliferation of paper in simultaneous actions before two courts. However, lacking that gift, the Court remains puzzled and frustrated by the parties' apparent decision to use this adversary proceeding as an alternative forum, to be employed only when the state court does something (or appears to be poised to do something) with which they do not agree. Were that not the case, Debtors would have sought relief from the bankruptcy court the moment they believed Beyers had

*Stabler v. Beyers*
June 11, 2009
Page 5

violated the post-discharge injunction; they would not have waited until Beyers' motion for summary judgment was before the state court. Similarly, while Beyers may not have been able to raise his jurisdictional issue until the state court ruled on his motion for summary judgment, nothing prevented him from requesting abstention much earlier. Waiting until the adversary proceeding had been pending for five months did nothing to improve the merits of that request. Moreover, the parties would not have danced around the issue of what was transpiring in state court, either in their complaint and answer or at the initial pre-trial conference when the Court attempted to gain a better understanding of the state court proceeding and how it might impact this adversary proceeding.

All that having been said, whatever terms may have been used in the Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment, this Court had specific authority under Fed.R.Bankr.P. 9006(b)(1) – without setting a deadline for Debtors to respond – to delay the deadline for Beyers to respond to Debtors' motion for summary judgment and essentially re-order the sequence in which the Court will resolve the three motions that are now pending in this adversary proceeding: Debtors' motion for summary judgment, Debtors' application for a preliminary injunction, and Beyers' motion to dismiss. *See Metropolitan Life Ins. Co. v. Olsen* (*In re Olsen*), 861 F.2d 188, 189 (8th Cir. 1988)(bankruptcy court has power to modify its own order if sufficient circumstances justify the modification); and *In re Mary Beth Lafeminia*, 2006 WL 980520, at *2 (Bankr. M.D.N.C. Feb. 21, 2006)(bankruptcy court has inherent authority to "manage cases and attorneys who appear in cases in order to achieve orderly and expeditious disposition of cases)(cites therein). That is all the Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment did. Debtors have not shown the Court did not have authority to do so. No less than Beyers' reliance on Fed.R.Bankr.P. 5011(c) in his motion to stay proceedings, Debtors' references to Fed.R.Civ.P. 65(c) and (d) and their citation of the four factors in *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986), that are to be considered before issuing a stay pending judicial review, are misplaced and overstate the simple timing issue the Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment addressed.

Had any circumstance indicated Debtors might be able to demonstrate it a wiser use of counsel's and the Court's time and the parties' money to consider Debtors' motion for summary judgment before Beyers' motion to dismiss, which raised serious jurisdictional questions, was resolved, the Court might well have set a response deadline regarding Beyers' motion to stay proceedings and his alternative Motion for Enlargement of Time to Respond to Plaintiffs' Motion for Summary Judgment. However, the Court did not find any such circumstance. Moreover, whatever arguments Debtors wanted to make against altering the response and briefing schedule on their motion for summary judgment have now been made.

> The court finds that the bankruptcy court's decision [to grant a motion to reschedule or continue a trial] did not involve a controlling issue of law. The decision did not involve the merits of the case at all - it involved case scheduling and deadlines. The court further concludes that an immediate appeal will not materially advance termination of the litigation; rather, it will further delay the bankruptcy case that appellant

*Stabler v. Beyers*
June 11, 2009
Page 6

>apparently wants to keep progressing, based on his opposition to the court continuing the trial date.  Finally, the court finds that no substantial ground for difference of opinion exists regarding the decision.  Management of the court's docket is a discretionary matter left to the bankruptcy court to control. *Cf. Pepe v. Koreny,* 1999 WL 686836, at *2 (10th Cir. Sept. 3, 1999) ("The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time." (citations omitted)).

*Kester v. KMDI, Inc. (In re Donald Kenton Kester)*, 2006 WL 2540393, slip op. (D. Kan. Jan. 13, 2006).  The Court did not earlier and does not now find any reason why Debtors' motion for summary judgment would be better dealt with before Beyers' motion to dismiss is resolved.

But for the fact Beyers filed his Motion for Enlargement of Time to Respond to Plaintiffs' Motion for Summary Judgment as a request for relief only if his motion to stay proceedings were denied, it would have been cleaner to grant that extension specifically under Fed.R.Bankr.P. 9006(b)(1), though the substantive result would be the same, *i.e.,* it is more efficient to resolve Beyers' motion to dismiss before resolving Debtors' motion for summary judgment.  Accordingly, Debtors' Motion to Vacate, Alter or Amend Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment (DOC. 34) will be granted to the limited extent the Order Staying Resolution of Debtors-Plaintiffs' Motion for Summary Judgment will be amended to specifically reference Rule 9006(b)(1), rather than Rule 5011(c), on which Beyers relied in making his motion.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh
cc:   adversary file (docket original; serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota